[Civ. No. 3767.   Second Appellate District, Division One.—November
9, 1922.]

## J. M. OHANESIAN, Appellant, v. JOE GALENTE et al., Respondents.

[1] PROMISSORY NOTE—CONSIDERATION—EVIDENCE—SALE OF PROPERTY
—FRAUDULENT REPRESENTATION.—In an action upon a promissory
note given by defendants in payment of a commission for services
supposed to have been performed by plaintiff in connection with
the sale of certain real property, the trial court is justified in finding
that there was no consideration for the note, where the evidence
shows that plaintiff falsely and fraudulently represented to defend-
ants, who were unable to read and who did not understand the
transaction, that they were to receive a first mortgage securing
the unpaid balance of the purchase price, whereas plaintiff, who
supervised the steps by which the transaction was carried out, ob-
tained for defendants only a second mortgage, and defendants re-
lied upon the representation of plaintiff that they were to receive
a first mortgage, and but for their belief in such representation
they would not have made any conveyance of their property.

[2] ID.—DAMAGES—EVIDENCE—FINDINGS.—In such action, the defend-
ants having cross-complained against plaintiff for damages suffered
through the wrongful act of plaintiff, but there having been
neither evidence nor finding establishing the value of the real
property, the trial court was not justified in finding in favor
of the defendants upon their cross-complaint that they were
damaged in a sum consisting of the value of the crop removed
from the premises by the purchaser and the amount of the interest
defendants were obliged to pay on the first mortgage.

APPEAL from a judgment of the Superior Court of
Tulare County.   W. B. Wallace, Judge.   Affirmed in part;
reversed in part.

The facts are stated in the opinion of the court.

E. A. Bagby for Appellant.

Bradley & Bradley for Respondents.

CONREY, P. J.—Action to recover money due on a
promissory note.   Cross-action to recover damages suffered
through wrongful acts of the plaintiff, connected with the

same transaction in which the note was made. The plaintiff appeals from the judgment.

Respondents were the owners of a tract of land, subject to a two thousand dollar mortgage held by the Producers' Savings Bank. Respondents employed appellant to sell this land for them to one Kalfas, for the sum of five thousand five hundred dollars, of which two thousand dollars was to be used to pay the existing mortgage debt, and the remainder to be payable in several installments secured by mortgage on the land conveyed by defendants to Kalfas. The deed to Kalfas, and the three thousand five hundred dollar mortgage by Kalfas to respondents, were placed in escrow. At or about the same time Kalfas arranged to borrow two thousand dollars from the Visalia Savings Bank and Trust Company, to be secured by first mortgage on the same property. This mortgage also was placed in escrow. The several documents were recorded in the following order: first, the deed to Kalfas; next, the two thousand dollar mortgage to the Savings Bank, and then the mortgage to respondents. Concurrently with these proceedings, the Producers' Savings Bank note was paid off, and that mortgage released.

By their answer, respondents alleged that there was no consideration for their note to appellant. As a further defense, they alleged that the note was procured from them by appellant by means of fraud and false representations, and as an alleged commission for the sale of certain real property belonging to respondents; that the fraudulent representations made by appellant to respondents were in negotiating a sale of said property to Kalfas and by representing to respondents that they were to receive a first mortgage for the unpaid part of the purchase price, whereas the mortgage executed to respondents was, unknown to them, a second mortgage, respondents being unable to read and not understanding the transaction or said papers. That the representations so made were by appellant known to be false and fraudulent and were made by him with intent to deceive and defraud respondents.

For a "further answer and cross-complaint," respondents set out the fact that the sale to Kalfas was negotiated for them by appellant, and repeated, in substance, the averments of the answer noted above; alleging that, unknown to

respondents, the Visalia Savings Bank mortgage was prior to that of respondents, notwithstanding that appellant, their agent, represented to them that their mortgage would be a first mortgage. The damages claimed by respondents, as set out in the cross-complaint on which they went to trial, consisted of their loss' of fifteen hundred dollars, the value of the growing crop of fruit on the land at the time of the transfer and the sum of eighty-seven dollars interest paid by respondents on the mortgage to the Visalia Savings Bank.

Respondents alleged that after the execution of said mortgages and deed, appellant took possession of the premises and the crop of fruit, and took the profits thereof for his own use, and that in all of said transactions Kalfas was only acting as the agent of the appellant.

After the cause was submitted for decision the court allowed respondents to file an amended answer and an amended cross-complaint. In these amended pleadings they alleged, and in conformity therewith the court found, that the fruit crop was of the value of about one thousand dollars, and that Kalfas took possession and harvested and sold the crop, and then departed for parts unknown, without paying anything on the mortgage indebtedness; that it then became necessary for respondents to pay off the two thousand dollar first mortgage, including eighty-seven dollars interest, in order to protect their second mortgage. The amended answer covered certain defects of the original answer, by more directly alleging that appellant, in making the false representations to respondents, knew that they were false, and by further alleging that respondents believed and relied upon appellant's said statements and representations, and without such belief would not have entered into the transaction, and would not have executed their note to appellant. This note, in the principal sum of three hundred dollars, was for the amount of appellant's commission for his supposed services to respondents in connection with the sale to Kalfas of their said land.

The court found that these several allegations of the amended answer and cross-complaint were true, and that on account of the false and fraudulent representations made by plaintiff and cross-defendant to said defendants and cross-complainants to induce them to enter into said transaction, said defendants and cross-complainants have been

damaged in the sum of one thousand and eighty-seven dollars; also, that the defendants were not indebted to the plaintiff in any sum whatever, and that plaintiff is not the lawful holder of the said three hundred dollar note. The court by its judgment ordered that the plaintiff take nothing, and that the last mentioned note be canceled; and entered judgment in favor of respondents in the sum of one thousand and eighty-seven dollars and costs.

[1] Directing our attention first to the action on the note given by respondents to appellant, we are of the opinion that the evidence is sufficient to sustain the court's finding that the note was given without any consideration. According to the testimony introduced by respondents, appellant obtained their consent to the transaction by representing to them that they were to receive a first mortgage securing the unpaid balance of the purchase price; he supervised the steps by which the transaction was carried out, and obtained for them only a second mortgage. The whole history of the transaction, as well as the direct testimony of the defendants, shows that except for their belief in the representation that they were receiving a first mortgage, they would not have made any conveyance of their property. Since it does not appear that the bank which received the first mortgage, or Kalfas, the grantee, were parties to this deception, respondents were not in a position to rescind the transaction. They were left in that unfortunate situation by reason of the fact that they were deceived by appellant, who was their agent and upon whom they relied. From these facts it is a fair conclusion that the plaintiff did not render the service for which he was to be paid, and that the note which represents the amount of his supposed commission was given without consideration.

[2] The award of damages to respondents rests upon the finding that Kalfas took possession of the property and of the unharvested fruit crop and sold it, and that thereafter he "departed for parts unknown and has never been heard of since"; and upon the further finding that respondents, in order to protect their mortgage, had to pay off the first mortgage of two thousand dollars, together with accrued interest in the sum of eighty-seven dollars. The court apparently set off this two thousand dollars against the two thousand dollars which had been used to pay off the former

mortgage of two thousand dollars, and then allowed the remaining eighty-seven dollars as damages. But there is neither evidence nor finding establishing the value of the real property. It is found that the fruit crop was of the value of about one thousand dollars. Kalfas had the right to sell the fruit crop and to appropriate the proceeds thereof to his own use. If he should pay off these mortgages, respondents would have received no damage. If he does not pay, and if the property is sold on foreclosure at the suit of respondents, the property at foreclosure sale may produce a sum sufficient to pay the entire indebtedness included in both mortgages. So far as appears from the evidence, it may be that the entire mortgage indebtedness will thus be paid. It follows that there is no evidence to sustain the finding that respondents have been damaged in the sum of one thousand and eighty-seven dollars, or at all.

The conclusion last above stated does not conflict with our first conclusion to the effect that the three hundred dollar note was given without consideration. For the fraud and deceit of the agent in procuring for respondents a second mortgage under the circumstances herein stated, thereby subjecting them to the necessity of paying the first mortgage, or even an installment of interest thereon, constituted a failure of appellant to perform the service which was to have been the consideration for the note.

That part of the judgment which provides that the plaintiff take nothing in this action and that the defendants recover their costs, is affirmed. That part of the judgment which provides that the defendants (cross-complainants) have judgment against the plaintiff (cross-defendant) for the sum of one thousand eighty-seven dollars is reversed. Appellant shall have his costs of this appeal.

Shaw, J., and James, J., concurred.